**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RAYMOND LEWIS ROSS, JR.,

       **Petitioner,**

   v.              **CASE NO. 25-3105-JWL**

HAZEL M. PETERSON, et al.,[1]

       **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by

Petitioner and state prisoner Raymond Lewis Ross, Jr. (Doc. 1.) With the petition, Petitioner filed

a motion for leave to proceed in forma pauperis (Doc. 2) and a motion to appoint counsel (Doc.

3). On June 1, 2025, he filed exhibits in support of his petition (Doc. 4). On June 2, 2025, the Court

issued a notice of deficiency (NOD) granting Petitioner 30 days in which to submit the

documentation required to support the motion to proceed in forma pauperis (Doc. 5).[2]

This matter comes now before the Court on Petitioner's June 7, 2025 letter (Doc. 6) asking

the clerk to "please add [to] and file" with his petition 2 attached pages that set forth an additional

ground for relief. The Court has construed this letter as a motion to supplement the petition. For

the reasons explained below, the motion will be denied, but Petitioner may file a complete and

---

[1]  In addition to Warden Peterson, Petitioner has named the Kansas Department of Corrections as a Respondent in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, the Court will direct the clerk to terminate Kansas Department of Corrections as a Respondent.

[2]  The deadline for compliance with the NOD is July 2, 2025. *Id.* at 2. The Court will not rule on the motion to appoint counsel or proceed with the required initial review of the petition until Petitioner either complies with the NOD or pays the $5.00 filing fee for this habeas corpus action. If Petitioner fails to timely do so, this matter will be dismissed without prejudice and without further prior notice to him.

1

proper amended petition that contains all asserted grounds for relief if he chooses to do so.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and states: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A review of the pages Petitioner wishes filed as a supplement to his petition in this matter reveals that the arguments therein do not involve occurrences that took place after the petition. Rather, it involves the ineffective assistance of counsel that was known to Petitioner by April 19, 2022 at the latest. (Doc. 6, p. 2.) Accordingly, Rule 15(d) does not permit supplementation here.

Rule 15(a) governs amendment of a pleading before trial. A party may amend a pleading "once as a matter of course" if the party does so either within 21 days of serving the pleading or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1). In the case currently before the Court, Petitioner may amend his petition at this time under Rule 15(a)(1) without seeking leave from the Court to do so; in other words, he may amend his petition "once as a matter of course."

But an amended petition must be on court-approved forms and it must be complete in and of itself. *See* Rule 2(c) ("The petition must: (1) specify all the grounds for relief available to the petitioner . . . ."). The Court will not permit piecemeal pleading. Thus, if Petitioner wishes to add grounds for relief to the grounds asserted in the petition that was filed on May 30, 2025, he must submit a complete and proper amended petition for filing in this matter. Any amended petition must be on the required, court-approved form and may not attempt to incorporate by reference the

2

initial petition filed in this matter. To be clear, any and all grounds for relief and the facts alleged in support of those grounds must be contained in the amended petition or they will no longer be before this Court. Petitioner should write the case number of this action (25-3105) on the first page of any amended petition he submits for filing. The Court will direct the clerk to send Petitioner the required form so that he may file an amended petition if he so chooses.

**IT IS THEREFORE ORDERED** that the Kansas Department of Corrections is terminated as a Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion to supplement (Doc. 6) is **denied**. The clerk is directed to send the appropriate form to Petitioner so that he may file an amended petition under Rule 15(a)(1) if he chooses to do so.

**IT IS SO ORDERED.**

DATED:   This 9th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3