**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RAYMOND LEWIS ROSS, JR.,**

**Petitioner,**

v.                                                            **CASE NO. 25-3105-JWL**

**HAZEL M. PETERSON,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Raymond Lewis Ross, Jr., a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that some of the claims within are either procedurally defaulted or barred by anticipatory procedural default. Petitioner will be granted time in which to show cause, in writing, why the Court should not summarily deny those claims. Also before the Court is Petitioner's motion to appoint counsel which, for the reasons set forth below, will be denied.

**I. Background**

In 2018, a jury in the District Court of Saline County, Kansas, found Petitioner guilty of aggravated indecent liberties with a child, indecent liberties with a child, two counts of criminal sodomy, and two counts of commercial sexual exploitation of a child. (Doc. 1, p. 1); *State v. Ross*, 2020 WL 4555789, *1 (Kan. Ct. App. Aug. 7, 2020) (unpublished) (*Ross I*), *rev. denied* Apr. 23, 2021. The district court sentenced him to 244 months in prison and lifetime postrelease supervision. (Doc. 1, p. 1.) Petitioner pursued a direct appeal, arguing

1

that the district court erred by: (1) denying his motion for a psychological evaluation of R.H.[, the victim]; (2) admitting into evidence Ross' statements that he believed there was a conspiracy against him; (3) informing the jury that it was not a defense that he did not know R.H.'s age; and (4) placing "guilty" above "not guilty" on the verdict forms. Finally, Ross argue[d] that if no single error warrants reversal, then the cumulative effect of multiple errors requires reversal.

*Ross I*, 2020 WL 4555789 at *1; (Doc. 1-2, p. 15-40).

On August 7, 2020, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and on April 23, 2021, the Kansas Supreme Court (KSC) denied his petition for review, which sought review of all issues on which the KCOA had ruled. *Ross I*, 2020 WL 4555789 at *1; (Doc. 1-2, p. 42, 47-61). It does not appear that Petitioner filed a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On April 19, 2022, Petitioner filed in Saline County district court a motion for state habeas relief under K.S.A. 60-1507. *Id.* Therein, he argued that he received unconstitutionally ineffective assistance of trial counsel, in violation of the Sixth Amendment to the United States Constitution, and that the trial court had violated his constitutional right to a speedy trial. *Ross v. State*, 2024 WL 3385156, *2 (Kan. Ct. App. July 12, 2024) (unpublished) (*Ross II*), *rev. denied* May 20, 2025; (Doc. 1-2, p. 63-82). The district court summarily denied Petitioner's motion. (Doc. 1-2, p. 92.) Petitioner appealed the denial and, on July 12, 2024, the KCOA affirmed. *Ross II*, 2024 WL 3385156 at *6. The appeal from the denial of the K.S.A. 60-1507 motion will hereinafter be referred to as "the 60-1507 appeal." The KCOA denied his petition for review on May 20, 2025. (Doc. 1-2, p. 122.)

Petitioner filed his federal petition for writ of habeas corpus in this Court on May 30, 2025. (Doc. 1.) Therein, he asserts nine grounds for relief challenging the validity of his convictions and sentences on several fronts and alleging multiple constitutional violations. *Id.* at 5-17. As relief, Petitioner asks this Court to vacate his sentences and convictions, order a new trial, and direct that

Case 5:25-cv-03105-JWL    Document 11    Filed 06/30/25    Page 3 of 19

R.H. undergo a psychiatric evaluation prior to the new trial. (Doc. 1, p. 22.)

## II. Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## III. Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). Generally speaking, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement means that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

This requirement "reflects a policy of federal-state comity" and is "'an accommodation of

our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76. To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals (KCOA), which must have denied relief. *See Picard*, 404 U.S. at 275-76; Kansas Supreme Court Rule 8.03B(a).

Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). A federal court can excuse a lack of exhaustion "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). None of these situations appear to apply here. Thus, the Court must determine whether each ground for relief Petitioner asserts in his § 2254 petition was exhausted.

### A. Grounds One Through Five

The Court has examined Grounds One through Five and concludes that, for the purposes of this initial Rule 4 review, they appear to have been exhausted in Petitioner's direct appeal.

Respondent will be free to argue otherwise in any answer to the petition she is ordered to file, but the information now before the Court reflects that Grounds One through Five are exhausted.

### B.  Ground Six

In Ground Six, Petitioner argues that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when trial counsel: (1) failed to subpoena L.H., B.R., V.R., D.R., and Y.P., who would have provided testimony challenging the State's case against him and undermining R.H.'s credibility; (2) failed to investigate and/or consult an expert witness on child interviewing techniques to assess and review R.H.'s claims; (3) failed to investigate and/or consult an expert witness regarding the effects of R.H.'s methamphetamine use on her credibility; (4) failed to file a motion in limine to prevent admission at trial of DNA analysis and failed to conduct independent DNA testing and have additional witnesses testify; and (5) adopting a guilt-based defense. (Doc. 1, p. 12; Doc. 1-2, p. 75-79.) Petitioner also argues that even if each instance of ineffective assistance of trial counsel does not independently require reversal, the cumulative effect does. (Doc. 1-2, p. 79-81.)

As Petitioner asserts, he raised these arguments to the state district court in his K.S.A. 60-1507 motion. (Doc. 1, p. 12; Doc. 1-2, p. 75-81.) Highly summarized, the district court's written order denying the motion concluded that most of Petitioner's ineffective assistance of counsel claims were based only on conclusory statements, the claims that were not conclusory did not demonstrate that the results of the trial would have been different if counsel had performed as Petitioner asserted she should have, and the DNA-testing claim was contrary to the record, which showed that trial counsel consulted with a laboratory, obtained independent DNA analysis, and secured expert testimony for trial. *See* Saline County District Court records, *Ross v. State*, Case No. 2022-CV-83, order entered Feb. 17, 2023.

Petitioner, through counsel, made some of these arguments to the KCOA in the 60-1507 appeal. (Doc. 1-2, p. 108-12.) The Tenth Circuit has held that when a federal habeas petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Thus, the Court will address whether each specific allegation of ineffective assistance of counsel was exhausted.

### 1. The failure to subpoena L.H., B.R., V.R., D.R., and Y.P.

The KCOA held:

> To begin with, although Ross asserts that his trial counsel should have called B.R., V.R., Y.P., and D.R. to testify at his trial, his only argument is that those witnesses could have undermined the victim's credibility. Concerning L.H., Ross does mention that had L.H. testified about giving the victim gas cards and taking her to church, L.H.'s testimony would have contradicted an earlier statement that the victim had made to the police. Then, Ross asserts that had the preceding witnesses testified about the victim's credibility, "the outcome of the trial *could* have been very different." (Emphasis added.)
>
> Yet, by not proffering any specific evidence about what B.R., V.R., Y.P., and D.R. would testify about, it follows that Ross has not established (1) that his trial counsel was ineffective or (2) that his counsel's deficient performance prejudiced his defense. Rather, by simply mentioning their names without additional analysis, Ross has waived and abandoned any argument that he may have made about his trial counsel not calling the disputed lay witnesses to testify at his jury trial to undermine the victim's credibility. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (holding that an issue not briefed is deemed waived or abandoned). So, we hold that Ross has waived and abandoned all of his arguments about his trial counsel's performance as it concerns her failure to call B.R., V.R., Y.P., and D.R. as witnesses in his trial.

*Ross II*, 2024 WL 3385156 at *4.

The KCOA held that Petitioner's failure to adequately brief his claims related to the failure to call B.R., V.R., Y.P., and D.R. as trial witnesses meant that the claims were waived and abandoned. "When a state court dismisses a federal claim on the basis of noncompliance with

adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10ᵗʰ Cir. 2012). In this context, both the Tenth Circuit and this Court have long recognized that "[f]ailure to brief is an independent and adequate state ground." *Roeder v. Schnurr*, 2022 WL 17665073, *4 (10th Cir. Dec. 14, 2022) (unpublished); *see also Hadley v. Bruce*, 2006 WL 1675573, *5 (D. Kan. June 13, 2006) (unpublished) (finding a claim procedurally defaulted when it was deemed waived and abandoned in state court based on a failure to brief).

A federal constitutional claim that was rejected by state courts because it was deemed waived and abandoned in the Kansas appellate courts for failure to adequately brief is referred to by a federal habeas court as "procedurally defaulted." The standards for excusing procedural default are set forth in detail later in this order. For now, it is sufficient to note that the claims in Ground Six that assert ineffective assistance of trial counsel based on the failure to call B.R., V.R., D.R., and Y.P. are procedurally defaulted.

With respect to the claim related to the failure to call L.H., the Court concludes that for purposes of this initial Rule 4 review, Petitioner's claim that trial counsel was ineffective for failing to call L.H. was exhausted. *See Ross II*, 2024 WL 3385156 at *4.

### 2. *The failure to investigate and/or consult expert witnesses on child interviewing techniques and R.H.'s use of amphetamines*

Petitioner argues that trial counsel provided ineffective assistance by failing to investigate and/or consult an expert witness on child interviewing techniques to assess and review R.H.'s claims and by failing to investigate and/or consult an expert witness regarding the effects of R.H.'s methamphetamine use on her credibility. The KCOA addressed these claims together, so this Court will do the same here. *Ross II*, 2024 WL 3385156 at *5.

The KCOA held that Petitioner "inadequately briefed how [each] error prejudiced his

defense as required under the second prong of the" constitutional test for ineffective assistance of counsel. *Id.* But it nevertheless addressed the merits of the claim, holding that "even if Ross had fully addressed how his trial counsel's failure to rely on the experts prejudiced him, it is readily apparent that Ross' trial counsel's failure to rely on the experts had no bearing on the jury's guilty verdicts." *Ross II*, 2024 WL 3385156 at *5. Thus, because the KCOA considered the merits of Petitioner's claims and found that he had not shown that he received ineffective assistance on these bases, this Court finds, for purposes of the initial Rule 4 review, that the claims are exhausted.

> **3.  *The failure to file a motion in limine to prevent admission at trial of DNA analysis; the failure to conduct independent DNA testing and have additional witnesses testify; trial counsel's "adoption of a guilt-based defense"; and the cumulative effect of the ineffective assistance***

Petitioner asserts in his federal habeas petition that he raised these arguments to the KCOA in the brief filed in the 60-1507 appeal and to the KSC in the subsequent petition for review. (Doc. 1, p. 12.) The Court has carefully reviewed the relevant brief and petition for review and finds no argument on these claims. (*See* Doc. 1-2, p. 101-12, 115-20.) Moreover, the KCOA's opinion makes no mention of any argument involving DNA evidence, a guilt-based defense, or the cumulative effect of the alleged ineffective assistance of trial counsel. *Ross II*, 2024 WL 3385156. Thus, these claims appear unexhausted. Federal courts' treatment of unexhausted habeas claims will be discussed later in this order.

### C.  Ground Seven

In Ground Seven, Petitioner alleges that his "right to have witnesses for a defen[s]e was denied by [his] attorneys." (Doc. 1, p. 14.) In the portion of the form complaint for setting forth the facts that support Ground Seven, Petitioner refers the Court to the arguments and authorities filed in support of his K.S.A. 60-1507 motion (Doc. 1-2, p. 72-82), his brief in the 60-1507 appeal (Doc. 1-2, p. 101-12), and the related petition for review (Doc. 1-2, p. 115-20.) The Court has

carefully reviewed these documents and, even liberally construing them, finds no argument that

identifies this as an asserted ground for relief. To be sure, the specific arguments related to

individual witnesses as set forth above are present, but there is not additional argument that more

generally alleges that Petitioner's attorneys somehow denied his right to present a defense by not

allowing him to call witnesses. Thus, to the extent that it is not already set forth in Ground Six,

Ground Seven appears unexhausted.

### D.   Ground Eight

In Ground Eight, Petitioner asserts that the trial court violated his federal constitutional

right to a speedy trial. (Doc. 1, p. 15.) As Petitioner asserts, he made this argument in his K.S.A.

60-1507 motion, the 60-1507 appeal, and the petition for review. (Doc. 1-2, p. 72, 81-82, 110-12,

119-20.) On this issue, the KCOA held:

> Ross' speedy trial argument . . . involves a potential trial error—whether the district
> court violated his speedy trial rights. But generally, a defendant must raise all
> arguments concerning trial errors in his or her direct appeal. *State v. Neal*, 292 Kan.
> 625, 630, 258 P.3d 365 (2011). Additionally, Kansas Supreme Court Rule 183(c)(3)
> (2024 Kan. S. Ct. R. at 240) states:
>
> > "A proceeding under K.S.A. 60-1507 ordinarily may not be
> > used as a substitute for direct appeal involving mere trial errors or
> > as a substitute for a second appeal. Mere trial errors must be
> > corrected by direct appeal, but trial errors affecting constitutional
> > rights may be raised even though the error could have been raised
> > on appeal, provided exceptional circumstances excuse the failure to
> > appeal."
>
> Thus, to summarize Ross' speedy trial argument, it involves a constitutional
> trial error raised in a K.S.A. 60-1507 motion. Nevertheless, in his appellate brief,
> Ross never contends that there are exceptional circumstances allowing him to raise
> this alleged constitutional trial error for the first time in his motion. In turn, Ross
> has used his motion to collaterally attack a trial error issue that he needed to raise
> in his direct appeal. So, under Supreme Court Rule 183(c)(3), we reject Ross'
> argument.

*Ross II*, 2024 WL 3385156 at *5-6.

Kansas Supreme Court Rule 183(c)(3) is the type of independent and adequate state procedural ground that supports a finding that a claim has been procedurally defaulted. It is "independent" because is it based in state, not federal, law. *See Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) ("A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision. It is "adequate" because it is firmly established and regularly followed in Kansas jurisprudence. *See Walker v. Martin*, 562 U.S. 307, 316, (2011) ("To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'"); *see e.g.*, *Williams v. State*, 2025 WL 573882, *3-4 (Kan. Ct. App. Feb. 21, 2025) (unpublished) (applying Rule 183(c)(3) prohibition of trial errors being raised in a K.S.A. 60-1507 motion and rejecting speedy trial argument because the litigant did not explain why he failed to raise the issue in his direct appeal); *Smith v. State*, 2019 WL 1746825, *5 (Kan. Ct. App. April 19, 2019) (unpublished) ("By failing to argue exceptional circumstances, Smith has abandoned his ability to raise his trial error argument in the context of a K.S.A. 60-1507 motion."); *Connell v. State*, 2015 WL 5009343, *3 (Kan. Ct. App. Aug. 14, 2015) (unpublished) (applying Rule 183(c)(3) and holding that "Connell has failed to establish the exceptional circumstances necessary to permit him to raise trial errors in this K.S.A. 60-1507 motion"). Accordingly, because the KCOA rejected Petitioner's speedy trial arguments under Rule 183(c)(3), the Court concludes that Ground Seven is procedurally defaulted.

The Court notes that Petitioner emphasizes that he wanted to raise the speedy trial issue on direct appeal but his appointed appellate counsel refused to do so. (Doc. 1, p. 15.) The Court will address the effect of this argument in the section of this memorandum and order below that discusses ways to overcome the general bar on federal habeas courts considering the merits of procedurally defaulted grounds for relief.

### E.  Ground Nine

In Ground Nine, Petitioner asserts that his sentence violates the Ex Post Facto Clause of the United States Constitution. (Doc. 1, p. 17.) To his credit, he concedes that this argument is unexhausted, explaining that he was not aware of the violation until just before he filed his § 2254 petition. *Id.* Thus, Ground Eight is unexhausted.

### F.  Summary

In summary, the Court concludes that Grounds One through Five asserted in this federal habeas matter are exhausted, as are the arguments in Ground Six related to trial counsel's (1) failure to subpoena L.H.; (2) failure to consult an expert witness on child interviewing techniques; and (3) failure to consult an expert on the effects of R.H.'s methamphetamine use. The portion of Ground Six that argues ineffective assistance of counsel based on the failure to subpoena B.R., V.R., D.R., and Y.P is procedurally defaulted. And the remaining arguments in Ground Six were not raised to the KCOA and therefore are unexhausted: (1) trial counsel's failure to file a motion in limine regarding the DNA analysis; (2) her failure to conduct independent DNA testing and present trial testimony about that testing; (3) her adoption of a guilt-based defense; and (4) the cumulative effect of the instances of ineffective assistance. Ground Seven is unexhausted, Ground Eight is procedurally defaulted, and Ground Nine is unexhausted.

### G. Do opportunities remain to exhaust the unexhausted claims?

The next question is whether there are avenues available by which Petitioner could now return to state courts and exhaust the unexhausted arguments in Grounds Six, Seven, and Nine. This is important because when a federal habeas petition is a mixed petition, meaning that it contains both exhausted and unexhausted claims, and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice

so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874,

891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

But when a petitioner fails to present a claim in the state courts, and he would be

procedurally barred from presenting it if he returned to state court, there is an anticipatory

procedural bar which prevents the federal court from addressing the claim. *Anderson v. Sirmons*,

476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Such claims are referred to as being barred by or subject

to anticipatory procedural default. A petitioner's claim that is barred by anticipatory procedural

default is technically exhausted because no avenues exist by which the claim could now be

exhausted. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996). Thus, it is not subject to dismissal

because it is "unexhausted." *See Everett v. Long*, 2021 WL 5895119, *4 (10th Cir. 2021)

(unpublished). But it cannot be considered in a federal habeas corpus action unless the petitioner

makes certain showings, discussed further below. *See Gray*, 518 U.S. at 162; *Fontenot*, 4 F.4th at

1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The Court knows of no avenue by which Petitioner could return to state court to raise the

arguments in Grounds Six and Seven that were not previously raised to the KCOA. The relevant

ineffective assistance of counsel arguments in Ground Six and Petitioner's argument that trial

counsel violated his right to present a defense would likely need to be raised first in a motion filed

under K.S.A. 60-1507 in the appropriate state district court. But Petitioner has already made these

arguments to the state *district* court in a K.S.A. 60-1507 motion; the failure for exhaustion purposes

was that he did not raise them in the 60-1507 appeal. Thus, any future K.S.A. 60-1507 motion that

contained these arguments would be subject to dismissal under K.S.A. 60-1507(c), which states:

"The sentencing court shall not be required to entertain a second or successive motion for similar

relief on behalf of the same prisoner." Accordingly, the arguments in Ground Six that are based

on trial counsel's failure to file a motion in limine regarding the DNA analysis, her failure to conduct independent DNA testing and present trial testimony about that testing, her adoption of a guilt-based defense, and the cumulative effect of the instances of ineffective assistance appear to be barred by anticipatory procedural default.

Similarly, the Court is unaware of any avenue by which Petitioner could now return to state court and raise the argument in Ground Seven that his right to have witnesses for a defense was denied by his attorney. The same issue exists for the argument in Ground Nine—that his sentence is illegal and was imposed in violation of the Ex Post Facto Clause of the United States Constitution. *See State v. Dickey*, 305 Kan. 217, 221 (2016) (expressly reaffirming the rule that "a motion to correct an illegal sentence [pursuant to K.S.A. 22-3504] is not a proper vehicle to assert a constitutional challenge to a defendant's sentence"). Thus, this Court's consideration of the merits of Grounds Seven and Nine also appear to be barred by anticipatory procedural default.

The Court emphasizes to Petitioner that if he is aware of an avenue by which he could return to state court in accordance with state procedural rules and raise these arguments, he should so inform the Court in his response to this order. If an avenue remains by which Petitioner could raise to the state courts these currently unexhausted grounds, the Court will entertain a motion to stay this matter and hold it in abeyance[1] while Petitioner returns to state court to exhaust his claims.

If Petitioner does not identify for this Court an avenue by which he could now exhaust the currently unexhausted arguments in this petition, the Court will treat the arguments as barred by

---

[1] A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In addition, this Court must consider whether Petitioner is "close to the end of the 1-year period" established in 28 U.S.C. § 2244(d) for filing a federal habeas petition. *Id.* at 275.

anticipatory procedural default. As noted above, federal courts reviewing habeas challenges to state-court convictions generally may not consider the merits of claims that have been procedurally defaulted or are barred by anticipatory procedural default. There are, however, exceptions to this general rule.

## IV. Cause and Prejudice or a Fundamental Miscarriage of Justice

In order for the Court to consider the merits of claims that were procedurally defaulted or are barred by anticipatory procedural default, Petitioner must show either (1) cause for the default and prejudice from the constitutional violation or (2) a fundamental miscarriage of justice. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998) (applying this standard to procedurally defaulted grounds); *Everette*, 2021 WL 5895119 at *4 (applying this standard to claims barred by anticipatory procedural default).

### A.  Cause and Prejudice

To demonstrate cause for the procedural default of a claim, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

As previously noted, Petitioner argues that his speedy trial issue was not raised in his direct appeal because his appointed appellate counsel refused to raise it. To the extent that Petitioner wishes to argue that this refusal was the cause for default of the speedy trial claim, Petitioner is

advised that the United States Supreme Court has spoken directly to when the ineffective assistance of counsel can be sufficient cause in this context.

In order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of direct appeal counsel as cause to excuse his procedural default of his speedy trial claim, he must have argued to the state courts that direct appeal counsel was ineffective for failing to argue the speedy trial issue. There is no indication before the Court that Petitioner has done so, and any such argument likely should have been raised in Petitioner's K.S.A. 60-1507 motion.

### B. Fundamental Miscarriage of Justice

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). Actual innocence is not an independent basis for federal habeas relief, but rather "a gateway through which a petitioner may pass" to avoid procedural bars such as procedural default and anticipatory procedural default. *See Fontenot*, 4 F.4th at 1030 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). A petitioner asserting a claim of innocence in order to avoid such procedural bars must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

15

reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To be clear, to obtain this exception, Petitioner is not required to conclusively exonerate himself. That being said,

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

Specifically, to pass through the actual innocence gateway and gain consideration of the merits of his procedurally defaulted claims and those barred by anticipatory procedural default, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). "The habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

## V. Conclusion

As explained above, the following claims in the federal habeas petition now before this Court are procedurally defaulted: (1) the portion of Ground Six that argues ineffective assistance of counsel based on the failure to subpoena B.R., D.R., V.R., and Y.P. and (2) Ground Eight. The following claims appear to be barred by anticipatory procedural default: Grounds Seven, Nine, and the portions of Ground Six that argue (a) ineffective assistance of counsel for (i) failing to file a

16

motion in limine regarding the DNA analysis; (ii) failing to conduct independent DNA testing and present trial testimony about that testing; (iii) adopting a guilt-based defense; and (b) the cumulative effect of the alleged ineffective assistance. Because this Court cannot consider the merits of arguments for federal habeas relief that were procedurally defaulted or are barred by anticipatory procedural default, these grounds for relief are subject to summary denial.

Petitioner will be granted time, however, to show cause in writing why these grounds should not be summarily denied. With respect to the arguments the Court has found subject to anticipatory procedural default, Petitioner may identify an avenue by which he could now return to state court to exhaust his claims. If Petitioner does so and the Court agrees that a possibility for exhaustion remains, the Court will grant Petitioner time in which to file a motion to stay this matter and hold it in abeyance while he returns to state court.

With respect to the arguments that the Court has found were procedurally defaulted, as well as any arguments Petitioner agrees are barred by anticipatory procedural default, Petitioner may present, in writing, arguments on the exceptions to the general rule that this Court may not consider them on their merits. In other words, Petitioner will be given time in which to submit written arguments regarding the cause and prejudice and the fundamental miscarriage of justice exceptions discussed above.

If Petitioner timely files a response to this order, the Court will consider the response and issue further orders as necessary. If Petitioner fails to timely file a response, the Court will summarily deny Grounds Seven, Eight, Nine, and the portions of Ground Six that argue (a) ineffective assistance of counsel for ineffective assistance of counsel based (i) failing to subpoena B.R., D.R., V.R., and Y.P.; (ii) failing to file a motion in limine regarding the DNA analysis; (iii) failing to conduct independent DNA testing and present trial testimony about that testing; and (iv)

17

adopting a guilt-based defense; and (b) the cumulative effect of the alleged ineffective assistance. The remaining claims in this matter will proceed and Respondent will be directed to file an answer addressing the merits of those claims.

**VI. Motion to Appoint Counsel (Doc. 3)**

Petitioner has filed a motion to appoint counsel, arguing the merits of his claims for habeas relief and the ways in which he believes his constitutional rights have been violated. (Doc. 3.) In support of the motion, Petitioner has also submitted exhibits showing his efforts to seek counsel for this federal habeas petition and again asserting complaints about his experiences in the state courts. (Doc. 10.) Petitioner is assured that the Court has carefully read and liberally construed all of these documents.

That being said, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57

F.3d at 979). The Court has considered these factors and the arguments made in Petitioner's motion to appoint counsel (Doc. 3) and the exhibits in support of his motion (Doc. 10) and concludes that the appointment of counsel is not necessary in this case. Petitioner's claims are well presented and because a federal habeas court is generally confined to considering the record that was before the state appellate court that previously decided the claim in question, Petitioner will likely have no need to conduct factual investigation.

That being said, although the Court denies the current motion to appoint counsel at this preliminary stage of the proceedings, appointment of counsel may occur at a later date if the action develops in a way that requires counsel. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See id.* at Rule 8.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (**Doc. 3**) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **July 31, 2025**, to show cause, in writing, why Grounds Seven, Eight, Nine, and the portions of Ground Six identified in this order should not be summarily denied as either procedurally defaulted or barred by anticipatory procedural default.

**IT IS SO ORDERED.**

DATED:   This 30th day of June, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

19