**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RAYMOND LEWIS ROSS, JR.,**

                **Petitioner,**

    **v.**                                     **CASE NO. 25-3105-JWL**

**HAZEL M. PETERSON,**

                **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Raymond Lewis Ross, Jr., a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. The Court began the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and on June 30, 2025, issued a memorandum and order directing Petitioner, among other things, to show cause why Ground Eight of the petition should not be summarily denied as procedurally defaulted. (*See* Doc. 11, p. 9-10.) Petitioner filed his response. (Doc. 13.) Liberally construing the pro se response, Petitioner asserts that ineffective assistance of counsel during his K.S.A. 60-1507 appeal was the cause for the procedural default of Ground Eight. He also asserts the actual innocence exception to the exhaustion requirement.

After considering the response, the Court concludes that a limited Pre-Answer Response ("PAR") is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR limited to addressing whether this Court is barred from considering the merits of Ground Eight due to procedural default of the claim therein, in light of Petitioner's assertions. The PAR should not

address the merits of any other grounds for relief asserted in the petition and it need only address the merits of Ground Eight to the extent that it is relevant to whether Petitioner has shown the cause and prejudice required to overcome a procedural default of Ground Eight. If this case proceeds past the Rule 4 review, Respondent will at that time be ordered to submit a fully developed answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent may, in that answer, raise any affirmative defenses to remaining asserted grounds for relief and argue the merits of those grounds. At this point in time, the Court is focused on determining whether it must summarily deny Ground Eight as procedurally defaulted.

Petitioner will be granted time in which to submit a written reply to the PAR if he chooses to do so. Once Petitioner files his reply or the deadline to do so passes, the Court will resume the Rule 4 review of this matter and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including **September 12, 2025** in which to file a Pre-Answer Response that complies with this order.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **October 15, 2025** in which to file a reply to the Pre-Answer Response if he chooses to do so. The clerk of this Court shall transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 5th day of August, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2