IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAYMOND LEWIS ROSS, JR.,**

      **Petitioner,**

   v.                  **CASE NO. 25-3105-JWL**

**HAZEL M. PETERSON,**

      **Respondent.**

## MEMORANDUM AND ORDER

   This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Raymond Lewis Ross, Jr., a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. It comes now before the Court on Petitioner's response (Doc. 13) to the Court's memorandum and order regarding procedural default; Respondent's pre-answer response ("PAR") (Doc. 18) regarding the exhaustion of Ground Eight of the petition and Petitioner's reply to the PAR (Docs. 19 and 20). For the reasons explained below, the Court will dismiss Grounds Seven, Eight, Nine and part of Ground Six of the petition. The Court will order Respondent to file an answer to the remaining grounds for relief.

### Background

   In 2018, a jury in the District Court of Saline County, Kansas, found Petitioner guilty of aggravated indecent liberties with a child, indecent liberties with a child, two counts of criminal sodomy, and two counts of commercial sexual exploitation of a child. (Doc. 1, p. 1); *State v. Ross*, 2020 WL 4555789, *1 (Kan. Ct. App. Aug. 7, 2020) (unpublished) (*Ross I*), *rev. denied* Apr. 23, 2021. The district court sentenced him to 244 months in prison and lifetime postrelease supervision. (Doc. 1, p. 1.) Petitioner pursued a direct appeal, but on August 7, 2020, the Kansas

1

Court of Appeals (KCOA) affirmed Petitioner's convictions and on April 23, 2021, the Kansas Supreme Court (KSC) denied his petition for review. *Ross I*, 2020 WL 4555789 at *1; (Doc. 1-2, p. 42, 47-61). It does not appear that Petitioner filed a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On April 19, 2022, Petitioner filed in Saline County district court a motion for state habeas relief under K.S.A. 60-1507, arguing that he received unconstitutionally ineffective assistance of trial counsel, in violation of the Sixth Amendment to the United States Constitution, and that the trial court had violated his constitutional right to a speedy trial. *Id.*; *Ross v. State*, 2024 WL 3385156, *2 (Kan. Ct. App. July 12, 2024) (unpublished) (*Ross II*), *rev. denied* May 20, 2025; (Doc. 1-2, p. 63-82). The district court summarily denied Petitioner's motion. (Doc. 1-2, p. 92.) Petitioner appealed the denial and, on July 12, 2024, the KCOA affirmed. *Ross II*, 2024 WL 3385156 at *6. The appeal from the denial of the K.S.A. 60-1507 motion will hereinafter be referred to as "the 60-1507 appeal." The KCOA denied his petition for review on May 20, 2025. (Doc. 1-2, p. 122.)

Petitioner filed his federal petition for writ of habeas corpus in this Court on May 30, 2025. (Doc. 1.) Therein, he asserts nine grounds for relief challenging the validity of his convictions and sentences on several fronts and alleging multiple constitutional violations. *Id.* at 5-17. As relief, Petitioner asks this Court to vacate his sentences and convictions, order a new trial, and direct that R.H., the victim of his underlying crimes of conviction, undergo a psychiatric evaluation prior to the new trial. (Doc. 1, p. 22.)

The Court began the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on June 30, 2025, issued a memorandum and order ("M&O") explaining the general requirement that a state prisoner must

exhaust all available state-court remedies by fairly presenting his or her federal claims to the state courts before pursuing federal habeas relief. (Doc. 11, p. 3-4.) The M&O further explained that although Grounds One through Five appear to have been exhausted, portions of Ground Six and Grounds Seven, Eight, and Nine did not. *Id.* at 4-11.

Ground Six of the petition asserts the ineffective assistance of Petitioner's trial counsel. (Doc. 1, p. 12; Doc. 1-2, p. 75-79.) As explained in more detail in the M&O, the portions of Ground Six that do not seem to have been properly exhausted are based on: trial counsel's failure to subpoena as trial witnesses B.R., V.R., D.R., and T.P.; the failure to file a motion in limine to prevent the admission at trial of DNA analysis; and the failure to conduct independent DNA testing and have additional witnesses testify; trial counsel's adoption of a guilt-based defense; and the cumulative effect of the ineffective assistance of trial counsel. (Doc. 11, p. 6-8.)

Ground Seven of the petition asserts that Petitioner's "right to have witnesses for a defen[s]e was denied by [his] trial attorneys." (Doc. 1, p. 14.) The June 2025 M&O explained:

> In the portion of the form complaint for setting forth the facts that support Ground Seven, Petitioner refers the Court to the arguments and authorities filed in support of his K.S.A. 60-1507 motion (Doc. 1-2, p. 72-82), his brief in the 60-1507 appeal (Doc. 1-2, p. 101-12), and the related petition for review (Doc. 1-2, p. 115-20.) The Court has carefully reviewed these documents and, even liberally construing them, finds no argument that identifies this as an asserted ground for relief. To be sure, the specific arguments related to individual witnesses as set forth above are present, but there is not additional argument that more generally alleges that Petitioner's attorneys somehow denied his right to present a defense by not allowing him to call witnesses. Thus, to the extent that it is not already set forth in Ground Six, Ground Seven appears unexhausted.

(Doc. 11, p. 8-9.)

Ground Eight of the petition asserts the violation of Petitioner's federal constitutional right to a speedy trial. (Doc. 1, p. 15.) The June 2025 M&O explained:

> As Petitioner asserts, he made this argument in his K.S.A. 60-1507 motion, the 60-1507 appeal, and the petition for review. (Doc. 1-2, p. 72, 81-82, 110-12, 119-20.)

3

On this issue, the KCOA held:

> Ross' speedy trial argument . . . involves a potential trial error—whether the district court violated his speedy trial rights. But generally, a defendant must raise all arguments concerning trial errors in his or her direct appeal. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Additionally, Kansas Supreme Court Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240) states:
>
>> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."
>
> Thus, to summarize Ross' speedy trial argument, it involves a constitutional trial error raised in a K.S.A. 60-1507 motion. Nevertheless, in his appellate brief, Ross never contends that there are exceptional circumstances allowing him to raise this alleged constitutional trial error for the first time in his motion. In turn, Ross has used his motion to collaterally attack a trial error issue that he needed to raise in his direct appeal. So, under Supreme Court Rule 183(c)(3), we reject Ross' argument.

*Ross II*, 2024 WL 3385156 at *5-6.

Kansas Supreme Court Rule 183(c)(3) is the type of independent and adequate state procedural ground that supports a finding that a claim has been procedurally defaulted. It is "independent" because is it based in state, not federal, law. [Citations omitted.] Accordingly, because the KCOA rejected Petitioner's speedy trial arguments under Rule 183(c)(3), the Court concludes that Ground [Eight] is procedurally defaulted.

(Doc. 11, p. 9-10.)

In Ground Nine of the petition, Petitioner asserts that his sentence violates the Ex Post Facto Clause of the United States Constitution. (Doc. 1, p. 17.) To his credit, Petitioner concedes in the petition that this argument was not raised to the state courts. *Id.*

The M&O advised Petitioner that if he knew of a way in which he can return to state court

4

and fairly present the arguments that were not properly exhausted, he should inform the Court. *Id.* at 13-14. In addition, the M&O identified the circumstances under which the Court can consider the merits of claims that are procedurally defaulted or are barred by anticipatory procedural default: (1) if Petitioner shows cause for the default and prejudice from the constitutional violation or (2) if Petitioner shows that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, also called the actual innocence exception. *Id.* at 14-16. The M&O granted Petitioner time in which to show cause why the grounds not properly exhausted should be considered. *Id.* at 17-19.

Petitioner timely filed a response to the M&O. (Doc. 13.) After reviewing the response, the Court issued a second M&O in which it directed Respondent Hazel M. Peterson to file a PAR limited to whether Ground Eight of the petition is properly exhausted. (Doc. 14.) Respondent timely filed the PAR on November 12, 2025 (Doc. 18) and Petitioner filed his reply to the PAR on December 9, 2025 (Doc. 19). Petitioner filed a supplemental exhibit to his reply (Doc. 20) on December 11, 2025. The Court has reviewed the parties' arguments and is now prepared to rule on whether Grounds Seven, Eight, Nine, and part of Ground Six should be dismissed..

**Rule 4 Standards of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### Exhaustion Requirements

As explained in the June 2025 M&O, "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). Generally speaking, claims that were presented to the state appellate courts but were rejected for failure to comply with state procedural requirements are considered defaulted. Claims that were not presented to the state appellate courts and for which there is no longer a procedural avenue for exhaustion are referred to as being barred by anticipatory procedural default.

There are two ways in which a federal habeas petitioner may overcome the bar on consideration of the merits of his unexhausted claims that are procedurally defaulted or barred by anticipatory procedural default: (1) he can establish cause and prejudice for his default of state court remedies or (2) he can establish that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To demonstrate cause in this context, a petitioner must show that some objective factor

external to the defense impeded his ability to comply with the state's procedural rule and exhaust the claim in question. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

An anticipatory procedural default also may be excused if Petitioner can show that the failure to consider the claim would result in a fundamental miscarriage of justice. To proceed under this exception, which is referred to as the actual innocence gateway, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for this exception, or pass through the actual innocence gateway so that a federal court can consider the merits of habeas claims barred by default, a petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

7

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If the petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

**Discussion**

Even liberally construing Petitioner's pro se response to the June 2025 M&O, he does not dispute the M&O's conclusion that part of Ground Six and Grounds Seven through Nine were properly exhausted. (Doc. 13.) In addition, Petitioner advises that Ground Nine of the petition was mistakenly raised and he now wishes to waive it. (Doc. 13, p. 1.) The Court will liberally construe this statement by Petitioner as a request to voluntarily dismiss Ground Nine of the petition and will grant the request. Ground Nine of the petition will be dismissed.

As it relates to Grounds Six, Seven, and Eight, Petitioner's response to the June 2025 M&O largely focuses on arguments that support the merits of the claims therein. (Doc. 13.) Similarly, Petitioner's reply to the PAR (Doc. 19) strenuously argues that Petitioner's constitutional rights were violated during his trial. But exhaustion is a requirement that is analyzed largely without consideration of the strengths of the underlying claims for federal habeas relief. As explained in the June 2025 M&O, in order to overcome a failure to properly exhaust, Petitioner must show either (1) cause and prejudice or (2) a colorable claim of actual innocence supported by new, reliable evidence provided to this Court. Whether Petitioner's constitutional rights were violated factors into this analysis only if Petitioner shows cause for the default and the Court moves to

consideration of whether Petitioner was actually prejudiced by the alleged violation of federal law. (*See* Doc. 11, p. 14.) As explained below, Petitioner has not shown sufficient cause for the default of Grounds Seven and Eight or the default of the portions of Ground Six now at issue.

**Actual Innocence**

Respondent asserts in the PAR with respect to Ground Eight that Petitioner has not presented new reliable evidence of the sort required to pass through the actual innocence gateway. (Doc. 18, p. 8.) The Court agrees and also finds that even liberally construing Petitioner's submissions to this Court, he has not provided any new, reliable evidence to support a claim of actual innocence sufficient to allow him through the actual innocence gateway. Petitioner describes and refers to evidence in his submissions, but as stated in the June 2025 M&O, to pass through the actual innocence gateway so that this Court may consider the merits of his claims, he "must come forward with 'new reliable evidence'" and must provide "more than . . . speculations and conjectures." (Doc. 1, p. 16.)

To his response to the June 2025 M&O and his reply to the PAR, Petitioner has attached over 300 pages of exhibits, consisting of excerpts from hearing and trial transcripts and correspondence between Petitioner, his counsel, and court personnel. (Docs. 13-1, 13-2, 13-3, 13-4, 19-1, 19-2, 19-3, and 20-1.) The Court has carefully reviewed and considered each page Petitioner has submitted and finds that none of the exhibits contain new reliable evidence that, had it been presented at trial, would make it "more likely than not that no reasonable juror would have found [P]etitioner guilty beyond a reasonable doubt." (*See* Doc. 11, p. 15-16 (quoting *House*, 547 U.S. at 536-37).) Thus, Petitioner has not shown in either his response to the June 2025 M&O or his reply to the PAR that he should be allowed to pass through the actual innocence gateway and have the Court consider the merits of his claims.

**Cause and Prejudice**

Petitioner does, however, dedicate some of the response to the ineffective assistance of various counsel, which could be intended to show cause for the default of the grounds now at issue. For example, he notes that his K.S.A. 60-1507 counsel, Jacob Nowak, moved to withdraw from representing him because of a conflict of interest that would arise. (Doc. 13, p. 1.) Mr. Nowak argued that he would likely have to argue that direct-appeal counsel, Peter Maharry, was ineffective for failing to raise certain issues. *Id.*; (*see also* Doc. 13-1, p. 1.) Because Mr. Nowak and Mr. Maharry both worked for the Kansas Appellate Defender Office, Mr. Nowak had a conflict of interest in arguing that Mr. Maharry provided ineffective assistance of counsel. (Doc. 13-1, p. 1.) Petitioner argues now to this Court that Mr. Maharry did, in fact, provide ineffective assistance of counsel by refusing to argue in Petitioner's direct appeal that his speedy trial rights were violated. (Doc. 13, p. 1.) He further alleges that attorney Jerry Wells, who was appointed after Mr. Nowak was allowed to withdraw and who was aware of the conflict behind Mr. Nowak's withdrawal, was ineffective for failing to argue that Mr. Maharry was ineffective. *Id.* at 4.

But as explained in the June 2025 M&O, and as Respondent points out in the PAR with respect to Ground Eight, in order for Petitioner to use the ineffective assistance of counsel as cause for the default of arguments, "he must have argued to the state courts that [the same] counsel was ineffective for failing to argue" the very issue that is considered defaulted in this federal habeas matter. (Doc. 11, p. 15; *see also* Doc. 18, p. 5-6.) There is no indication now before this Court that Petitioner has properly argued to the state appellate courts that Mr. Maharry was ineffective for failing to raise the speedy trial issue on direct appeal or that Mr. Wells was ineffective for failing to argue that Mr. Maharry was ineffective. Thus, Petitioner cannot rely on the ineffective assistance of counsel as cause for the default of his speedy trial issue.

10

It is clear from Petitioner's submissions to this Court that he strongly believes his constitutional rights were violated during his trial and the subsequent proceedings. The only questions before this Court at this point in time, however, are whether Petitioner properly exhausted in state court the arguments he now makes in his federal habeas petition and, if not, whether Petitioner has shown either (1) cause and prejudice or (2) that he should be allowed to pass through the actual innocence gateway so that the Court can reach the merits of arguments that were not properly exhausted. For the reasons explained above, the Court concludes that Portions of Ground Six and all of Grounds Seven and Eight were not properly exhausted and Petitioner has not made the showing required to allow the Court to consider the merits of these claims. Accordingly, these grounds must be dismissed.

## Conclusion

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That Ground Nine of the petition is **dismissed without prejudice** based on Petitioner's request that Ground Nine be "waived," which is liberally construed as a request for voluntary dismissal.
2. That Ground Seven and Ground Eight are **dismissed with prejudice** because

consideration of the merits of Ground Seven is barred by anticipatory procedural default, Ground Eight was procedurally defaulted, and Petitioner has not made the showing required for the Court to consider the merits of either.

3. That all claims in Ground Six other than Petitioner's claim of ineffective assistance of trial counsel for (1) failing to subpoena L.H. and call L.H. as a trial witness and (2) failing to investigate and/or consult expert witnesses on child interviewing techniques and R.H.'s use of amphetamines are **dismissed with prejudice** because they are either procedurally defaulted or barred by anticipatory procedural default and Petitioner has not made the showing required for the Court to consider their merits.

4. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **February 17, 2026** showing why the writ should not be granted based on the arguments in Grounds One, Two, Three, Four, Five, and the remaining arguments in Ground Six (Doc. 1) and attachments thereto.

5. That the answer should address:

   a. The necessity for an evidentiary hearing on Grounds One, Two, Three, Four, Five, and the remaining portions of Ground Six as alleged in the petition;

   b. Whether the arguments in Grounds One, Two, Three, Four, Five, and the remaining portions of Ground Six are barred by a statute of limitations or any other procedural bar; and

   c. An analysis of Grounds One, Two, Three, Four, Five, and the remaining portions of Ground Six and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

6. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

7. That Petitioner be granted to and including **March 19, 2026** to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations therein contained.

8. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 16th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge